# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ATTORNEY GENERAL STATE OF NEVADA,<br><br>    Plaintiff / Respondent,<br><br>v.<br><br>JACK FERM,<br><br>    Defendant / Petitioner. | Case No. 2:16-CV-02650-KJD-CWH<br><br>**ORDER** |

   Presently before the Court is Defendant Jack Ferm's Petition for Removal (#1) and Emergency *Ex Parte* Motion for Order Suspending State Case (#7).

   On November 18, 2016, Jack Ferm ("petitioner"), purported to remove this criminal action from the Clark County, Nevada District Court by filing a "Notice of Petition and Petition for Removal" (#1) with the Court. No one has appeared for the named respondents before the Court to address the validity of petitioner's purported removal.

   Construing the *pro se* pleadings liberally, it appears that petitioner alleges that in or about March 2009, he was arrested in connection with a scheme to provide services in stopping foreclosure on victim's homes for a fee. After his arrest and failure to plead guilty to a felony, the Nevada Attorney General sought and received a grand jury indictment of Petitioner on a felony charge of

Theft–Obtaining Money in Excess off $2,500.00 by a Material Misrepresentation. On or about September 21, 2011, Petitioner signed a Nolo Contendre Plea Agreement in which he agreed to pay restitution in the amount of $192,168.00. According to the terms of the plea agreement, if Petitioner made full restitution during the probation period, the State would file an amended criminal information charging defendant with Attempted Theft, a gross misdemeanor. The State agreed to not oppose withdrawal of his felony plea and to allow him to plead guilty to the misdemeanor. However, according to Petitioner's allegations, the State of Nevada then publicized that he had been convicted of a felony causing him harm.

"Federal courts are courts of limited jurisdiction.... It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). "The 'strong presumption' against removal jurisdiction means that the [removing party] always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Federal courts must resolve all ambiguity in favor of remand. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

Moreover, the Court has a duty to "establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties [have] raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004) (citing Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 128 (3d Cir. 1998)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Whenever a state-court criminal prosecution is removed, the Court must "examine the notice [of removal] promptly" upon its filing, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

In his Notice, petitioner appears to assert that removal of his criminal action is proper under 28 U.S.C. § 1443 and a list of other code sections. He asserts that the State of Nevada has denied him

procedural and substantive due process when the prosecutor failed to submit exculpatory evidence to a grand jury. He also asserts that he entered into a plea agreement that would result in his eventual conviction for a misdemeanor. He appears to contend, therefore, that because the plea agreement was not resolved as he intended that federal removal jurisdiction is available to him. Petitioner is mistaken.

Under narrow and limited circumstances, state-court criminal prosecutions may be removed to federal court. Any criminal defendant may remove a criminal prosecution to federal court if he seeks to — and, because of state law, cannot — assert a defense to the prosecution based on federal laws protecting equal civil rights. See 28 U.S.C. § 1443; Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006). A petition for such a removal must satisfy a two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804 (1966), and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966). It must assert (1) " 'as a defense to the prosecution, rights that are given to [the petitioners] by explicit statutory enactment protecting equal racial civil rights,' " and (2) that such rights cannot be enforced because of " 'a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.' " Patel, 446 F.3d at 998-99 (quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)).

Here, petitioner has not alleged a defense to the underlying prosecution arising from statutory enactments protecting equal racial civil rights and, in any event, he has pointed to "no formal expression of state law that prohibits [him] from enforcing [such] civil rights in state court[.]" Id. at 999. Accordingly, petitioner may not rely on the removal provisions of § 1443. See Peacock, 384 U.S. at 832 (petitioners alleged they were entitled to remove their criminal misdemeanor proceedings to federal court based on their race and their belief they would be unable to obtain a fair trial in the state court; the Supreme Court deemed this a "strained interpretation of § 1443(1)" and noted if this interpretation were to prevail, "every criminal case in every court of every State — on any charge from a five dollar misdemeanor to first-degree murder — would be removable ... upon a petition alleging (1) that the defendant was being prosecuted because of his race and that he was completely

innocent of the charge brought against him, or (2) that he would be unable to obtain a fair trial in the state court").

Whenever a state-court criminal proceeding is removed to federal court, the notice of removal must include all grounds for such removal. 28 U.S.C. § 1455(a), (b)(2).  Petitioner's Notice (#1) does not identify any statute or other authority empowering petitioner to remove this criminal action from the state court and Plaintiff has not identified that he belongs to a protected class that is intended to be protected by the statute. Petitioner has therefore failed to satisfy his burden of establishing that the Court has subject-matter jurisdiction over this action.

Moreover, petitioner may not cure this deficiency by filing a second notice of removal stating additional grounds justifying removal. "A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice." 28 U.S.C. § 1455(b)(2). Thus, even to the extent that petitioner could cure his defective notice of removal by providing authority for removal of this criminal action (and it does not appear that any such authority exists), he has now waived the opportunity to do so. Therefore, petitioner has not established a proper basis for removal, and the Court lacks jurisdiction to consider his claim.

Accordingly, IT IS HEREBY ORDERED that the present action is **REMANDED**.

DATED this 22nd day of February 2017.

_____
Kent J. Dawson
United States District Judge

4